HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMY LOBDELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KONE INC., a foreign corporation.<br><br>Defendant. | CASE NO. 2:24-cv-00938-RAJ<br><br>ORDER ON MOTION TO COMPEL DISCOVERY RESPONSES |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Amy Lobdell's Motion to Compel Discovery Responses (the "Motion," Dkt. # 25).  Plaintiff filed an initial reply in support of the Motion (Dkt. #29), arguing that the Motion should be granted in light of Defendant's failure to respond by the applicable deadline.  Defendant KONE Inc. ("Defendant" or "KONE") then filed an untimely Opposition to the Motion (the "Opposition," Dkt. # 33), which the Court declined to strike, instead imposing sanctions on Defendant's counsel.  Dkt. # 39.  Thereafter, pursuant to the Court's order, Plaintiff filed a second reply in support of the Motion and in response to Defendant's Opposition (the "Reply," Dkt. # 40).

ORDER – 1

1    The Court reviewed the Motion, Opposition, Reply, and all supporting declarations,

2    and subsequently adjudicated all outstanding issues related to the Motion during a

3    telephonic discovery conference held on November 14, 2025.  Dkt. # 49.  This Order will

4    serve as a memorialization of the specific rulings made during the November 14 discovery

5    conference.

6                            **II.    BACKGROUND**

7    This action stems from a complaint originally filed by Plaintiff in King County

8    Superior Court on July 31, 2024, Case No. 24-2-12689-9 SEA, and removed to this Court

9    by Defendant on September 10, 2024, on the basis of diversity and federal question

10   jurisdiction.  Dkt. # 1 at 6 (citing 28 U.S.C. §§ 1331, 1332(a)).

11   Plaintiff was employed at KONE's Seattle branch from August 1, 2017 to December

12   6, 2023; Plaintiff was hired as a Service Supervisor and later promoted to Service

13   Operations Manager in July 2020.  Dkt. # 1-1 ¶¶ 3.3, 3.5.  Plaintiff alleges that she "was

14   treated dismissively, disrespectfully, and faced verbal aggression and intimidation" due to

15   her sex during her employment at KONE.  Dkt. # 25 at 2.  Plaintiff was ultimately

16   terminated by Defendant after she purportedly violated KONE's Americans with

17   Disabilities Act ("ADA") policy and failed to cooperate and participate truthfully in the

18   resulting internal investigation.  *Id.*  Plaintiff, who asserts that sex was the motivating factor

19   in her termination, brings claims against KONE arising under Title VII of the Civil Rights

20   Act of 1964 and the Washington State Law Against Discrimination.  *Id.*

21   On May 29, 2025, Plaintiff filed the Motion, seeking Defendant's responses to

22   Plaintiff's First Set of Interrogatories and Requests for Production.  Dkt. # 25.  Plaintiff

23   moves the Court to compel Defendant to: (1) run searches covering the date range of

24   August 1, 2017 through December 6, 2023, the full date range of Plaintiff's employment

25   at KONE; (2) search for and produce non-privileged documents from attorney custodians;

26   and (3) conduct nationwide searches for material responsive to certain of Plaintiff's

27   interrogatories and requests.  Dkt. # 25 at 1.  Defendant failed to timely respond to the

28   ORDER – 2

1  Motion, and Plaintiff accordingly filed a reply requesting that the Court grant the Motion
2  in its entirety.  Dkt. # 29.  Defendant thereafter filed the Opposition, stating that it has
3  complied with its discovery obligations and arguing that Plaintiff is neither entitled to
4  discovery across the requested time period, nor review and production from attorney
5  custodians, nor nationwide discovery.  Dkt. # 33.  Plaintiff filed a motion to strike
6  Defendant's Opposition as untimely.  Dkt. # 34.  Following the parties' completion of
7  briefing on Plaintiff's motion to strike the Opposition, the Court ultimately declined to
8  strike Defendant's response, but imposed sanctions upon Defendant in the form of
9  attorney's fees incurred while Plaintiff prepared the motion to strike.  Dkt. ## 35, 38–39.
10  Plaintiff subsequently filed a second Reply in support of the Motion, responding to
11  Defendant's Opposition and asserting that the Court should grant the Motion in its entirety
12  because: (1) Defendant has not complied with its discovery obligations and has not
13  supported its arguments with evidentiary declarations; (2) Plaintiff seeks production of
14  only responsive and non-privileged material discoverable under the broad parameters of
15  Rule 26(b) of the Federal Rules of Civil Procedure; and (3) nationwide searches are
16  appropriate as applicable to "similarly situated" employees subject to the same policies and
17  discipline as Plaintiff and overseen by the same regional and national decisionmakers.  Dkt.
18  # 40 at 1.

### III.  LEGAL STANDARD

20      The discovery rules are to be accorded "broad and liberal treatment" because
21  "mutual knowledge of all the relevant facts gathered by both parties is essential to proper
22  litigation."  *Hickman v. Taylor*, 329 U.S. 495, 507 (1957).  Information is discoverable so
23  long as it is "reasonably calculated to lead to the discovery of admissible evidence."  Fed.
24  R. Civ. P. 26, *Comm. Notes on Rules – 2000 Amendment*.  Parties may obtain discovery
25  regarding any nonprivileged matter that is relevant to any party's claim or defense and
26  proportional to the needs of the case, considering the importance of the issues at stake in
27  the action, the amount in controversy, the parties' relative access to relevant information,

ORDER – 3

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## IV.  DISCUSSION

### A.    Date Range

As set forth in the Motion, Plaintiff sought discovery from August 1, 2017 through December 8, 2023, the dates of Plaintiff's employment at KONE. Dkt. # 25 at 4. Defendant responded that "Plaintiff's . . . insistence on seven to ten years of documents" was unreasonable, and that the time period should be limited to three years, corresponding to the period of "unfavorable treatment" Plaintiff alleges she experienced at KONE. Dkt. # 33 at 2, 4.

The Court began the November 14 discovery conference by informing the parties of its preliminary determination that three years of discovery would be insufficient, while ten years of discovery would be excessive. After questioning from the Court, the parties ultimately agreed upon a narrower time period of five years. This agreed-upon range is greater than the final three years of Ms. Lobdell's employment at KONE, the time period originally sought by Defendant, but less than the entire duration of Ms. Lobdell's employment originally sought by Plaintiff. The Court therefore finds that a date range of December 7, 2018 through December 6, 2023 is consistent with the parties' agreement.

### B.    Attorney Custodians

Plaintiff seeks to designate two KONE employees who are licensed attorneys as custodians; one proposed custodian has the title of Operations Counsel, and the other has the title of Compliance Director. Dkt. # 25 at 15. Defendant previously objected to searching these two employees' documents and communications as inordinately

ORDER – 4

burdensome, adding that "it does not seem legitimate for Plaintiff to target known attorneys solely for the purpose of forcing Defendant to conduct a review and provide a privilege log." Dkt. # 25 at 6.

However, during the discovery conference, Defendant agreed to conduct searches for both of the proposed custodians and to produce any responsive and non-privileged documents and communications. To the extent that Defendant identifies any privileged documents during the course of its review, its counsel will withhold or redact those documents and provide a privilege log.

## C.    Nationwide Discovery

The last dispute between the parties concerns the geographic scope of discovery applicable to certain of Plaintiff's requests. Plaintiff seeks nationwide discovery with respect to the following interrogatories and production requests:

(1) **Interrogatory No. 13**:   Identify all Persons who have been investigated, disciplined, and/or terminated for failure to comply with KONE's Americans with Disabilities policy in KONE's North America locations since June 2017. Explain specifically and in detail the bases for such investigation, discipline and/or termination.

(2) **Interrogatory No. 14**:  Identify all Persons in KONE's North America locations who have been investigated for failure to cooperate with KONE internal investigations since June 2017, explain specifically and in detail each Person's alleged failure to cooperate, and describe any discipline imposed for failing to cooperate, including whether the Person's employment was terminated.

(3) **Request for Production No. 11**:    Please produce all Documents and Communications that refer or relate to investigation, censure, discipline and/or termination of KONE employees for failure to comply with KONE's Americans with Disabilities policy since June 2017.

(4) **Request for Production No. 12**:    Please produce all Documents and Communications that refer or relate to investigation, censure, discipline and/or termination of KONE employees for failure to cooperate with KONE investigations since June 2017.

Dkt. # 25 at 10, Dkt. # 27-1 at 10–11, 13–14.

Defendant responds that Plaintiff is not entitled to nationwide discovery for material

ORDER – 5

1    responsive to these requests, asserting that that a search of this scope would be unduly

2    burdensome and is disproportionate to the needs of Plaintiff's case.  Dkt. # 33 at 7–9.

3    Defendant also indicated that it had searched for, and had not located, responsive material

4    in the State of Washington across a more limited time period of three years.  Dkt. # 33 at

5    9–10; Dkt. # 27-6 at 12–14, 18–21.

6           After hearing argument from counsel, the Court inquired as to the parties'

7    willingness to accept regional discovery tailored approximately to the "West" region (a

8    term appearing in the title of the regional human resources manager involved in Plaintiff's

9    termination), or, alternatively, the "Pacific District" (a term appearing in the title of one of

10   the managers who approved the termination).  *See* Dkt. # 25 at 15.  Counsel for both parties

11   professed to have insufficient knowledge of KONE's operations to enable the immediate

12   identification of the appropriate region or district with specificity.  However, Plaintiff's

13   counsel indicated that regional discovery would be generally acceptable to Plaintiff as long

14   as Defendant agrees to conduct searches for responsive materials across the following

15   custodians: Kris Barrios, Jordan Rothschiller, Joe Harmeyer, Alice Heinz, Mary Damitio,

16   and Tom Galindo.   Defendant's counsel concurred, but noted that a few of the

17   aforementioned custodians are located outside the "Pacific" or "West[ern]" district or

18   region or otherwise have nationwide responsibilities; these custodians include Alice Heinz,

19   Mary Damitio, and Tom Galindo.  As such, counsel for the Defendant proposed that any

20   responsive material custodial to employee custodians with nationwide responsibilities be

21   limited to the relevant geographical region as identified by the parties.  The Court accepted

22   this proposal.

23          Accordingly, the Court ruled that the parties limit discovery applicable to Plaintiff's

24   Interrogatory No. 13, Interrogatory No. 14, Request for Production No. 11, and Request

25   for Production No. 12 to a mutually-agreeable geographical region, equivalent to either

26   KONE's "Pacific District" or "West[ern]" district, as appropriate.  Defendant shall conduct

27   searches across, and produce responsive material from, the following custodians: Kris

28   ORDER – 6

Barrios, Jordan Rothschiller, Joe Harmeyer, Alice Heinz, Mary Damitio, and Tom Galindo. However, to the extent that any of the foregoing employees' responsibilities extend beyond the agreed-upon geographical region, Plaintiff is entitled only to the production of responsive material relating to investigations, censures, disciplines and/or terminations of KONE employees within the agreed-upon geographical region.

The Court concluded the discovery conference by noting that its rulings are based upon the knowledge of Plaintiff's counsel at the time of the conference. Based on the foregoing rulings set forth in this Order, the Court construes Plaintiff's Motion to Compel Discovery Responses as moot. If, in the future, the parties identify any potential justifications to advance or expand the scope of discovery, or any new disputes arise, the parties are directed as follows. First, counsel should meet and confer and make a genuine attempt to resolve their disputes. If resolution is not possible, the parties shall file with the Court a single joint statement of no longer than five pages outlining any areas of disagreement and setting forth the parties' specific expectations or needs from the Court. If necessary, the Court will then conduct another telephone conference to resolve any disputes.

## V.   CONCLUSION

Based on the foregoing, the Court **DENIES AS MOOT** Plaintiff's Motion to Compel Discovery Responses. Dkt. # 25.

Dated this 20th day of November, 2025.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 7