HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMY LOBDELL, an individual,

Plaintiff,

v.

KONE INC., a foreign corporation,

Defendant.

Case No. 2:24-cv-00938-RAJ

ORDER ON MOTION FOR
ATTORNEYS' FEES

## I.   INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Amy Lobdell's Motion for Attorneys' Fees and Costs (the "Motion," Dkt. # 42). Plaintiff filed the Motion, along with the Declaration of Kasey D. Huebner in support of thereof (Dkt. # 43), pursuant to this Court's Order dated August 1, 2025 (Dkt. # 39). Defendant KONE Inc. filed an Opposition to the Motion (Dkt. # 44), and Plaintiff filed a Reply in support of the Motion (Dkt. # 46). For the reasons set forth below, the Court **GRANTS** the Motion.

## II.   BACKGROUND

Plaintiff filed a Motion to Compel Discovery Responses in this employment litigation on May 29, 2025. Dkt. # 25. Defendant filed an untimely response to the Motion

ORDER – 1

to Compel, "nineteen days after it was due, fifteen days after Plaintiff filed her Reply, and twelve days after the noting date." Dkt. # 39 at 2; Dkt. # 33. Plaintiff subsequently moved to strike Defendant's response in its entirety. Dkt. # 34. While the Court ultimately denied Plaintiff's motion to strike Defendant's opposition, the Court did impose sanctions upon Defendant in the form of attorney's fees incurred while Plaintiff prepared her motion to strike. Dkt. # 39. Plaintiff subsequently filed the instant Motion.

## III. LEGAL STANDARD

In determining the reasonableness of requested attorneys' fees, reviewing courts calculate the "lodestar" figure by multiplying "the number of hours ... reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The resulting figure is "presumptively reasonable," but the court may, in its discretion, apply an upward or downward adjustment to the lodestar figure based on additional factors not already subsumed in the initial lodestar calculation. *Id.* at 982 (referring to the 12 factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). These factors, known as the "*Kerr* factors," are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.3d at 70. The Court need not consider the *Kerr* factors unless necessary to do so to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).

ORDER – 2

## IV.  DISCUSSION

Plaintiff requests a total of $6,907.50 in attorneys' fees, based on 12.3 total hours spent on legal work related to the motion to strike.  Dkt. # 43 at 6.  Plaintiff states that two attorneys participated in this legal work: a partner, who customarily bills at $625/hour, and an associate, who customarily bills at $425/hour.  *Id.* ¶¶ 4–5.  The "reasonable hourly rate" used in the lodestar calculation "is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."  *Camacho*, 523 F.3d at 979 (internal quotations and citations omitted).  The relevant forum in determining reasonableness is "the forum in which the district court sits."  *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).  The Court concludes that Plaintiff's counsel's hourly rates are reasonable.  *See, e.g.*, *Hotel Roslyn, LLC v. AmGuard Ins. Co.*, No. 2:22-CV-01344-TMC, 2024 WL 3924556 (W.D. Wash. Aug. 21, 2024) (finding reasonable hourly rates of $595 per hour for a partner and $395 per hour for an associate).

The Court also concludes that the total of 12.3 hours submitted by Plaintiff's counsel is reasonable.  *See, e.g.*, *Bolshin v. Elate Moving Network LLC*, No. 2:24-CV-00363-MJP, 2025 WL 1383792, at *2 (W.D. Wash. May 12, 2025) (finding reasonable 11.5 hours spent on dispute and fee petition by two attorneys and concluding that there was "no basis to reduce the time entries Defendants believe were excessive or unnecessary").  Defendant protests that Plaintiff's counsel seeks reimbursement for "identical research and drafting by two attorneys."  Dkt. # 44 at 4.  However, the spreadsheet submitted by Plaintiff's counsel indicates that an associate spent two hours preparing what was presumably the initial draft of the motion to strike, and the supervising partner spent 2.6 hours on a task with the following description: "Review, research, communications regarding, revise and finalize motion to strike opposition brief and order related to same."  Dkt. # 43 at 6.  This additional time by the partner is not redundant, but reflective of her supervisory responsibilities—which she completed despite being out of the country at the time of Defendant's untimely filing.  Additionally, the declaration filed by Plaintiff's counsel

ORDER – 3

suggests that the partner had limited capacity to delegate additional revision responsibilities as efficiently as she otherwise might, given that the associate staffed to the matter was scheduled on be on leave shortly following her submission of the draft. Dkt. # 43 ¶ 10. In short, Defendant offers "no reasonable basis to criticize Plaintiff's use of two attorneys to share a fair division of work." *Maclay v. M/V SAHARA*, No. C12-512-RSM, 2012 WL 6552762, at *3 (W.D. Wash. Dec. 14, 2012).

While Defendant objects to Plaintiff's counsel's use of block-billing, here, "the "segregation of the time entries [would be] unnecessary for the Court to assess the reasonableness of the time expended." *Taylor v. Harbaugh*, No. C19-1761 MJP, 2021 WL 3540589, at *2 (W.D. Wash. July 12, 2021). It is clear to the Court from the spreadsheet submitted by Plaintiff's counsel that all 12.3 hours expended on this matter were spent on work related to the motion to strike, as contemplated by the Court's August 1, 2025 Order. Dkt. # 43 at 6; Dkt. # 39 at 4 (permitting attorney's fees "incurred while Plaintiff prepared [the motion to strike]"). Accordingly, none of the entries included in Plaintiff's declaration are subject to any reduction.

Because the Court concludes that both the hourly rates and hours expended submitted by Plaintiff's counsel are reasonable, the Court need not consider the *Kerr* factors and declines to impose any adjustment to the lodestar calculation. The lodestar figure is calculated as follows: the lead partner on this matter spent 8.4 hours at an hourly rate of $625.00, for a total of $5,250.00, and the associate attorney on the matter spent 3.9 hours at an hourly rate of $425.00, for a total of $1,657.50. Dkt. # 43 at 6. The lodestar figure is the sum of these two totals, or $6,907.50.

//

//

//

//

ORDER – 4

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs in full.  Dkt. # 42.  Plaintiff is awarded $6,907.50 in fees.

Dated this 23rd day of February, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 5